UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Victor Donnell Fields,   Case No. 17-cv-2662 (WMW/KMM)

          Plaintiff,

**ORDER AFFIRMING AS MODIFIED MAGISTRATE JUDGE'S ORDER AND ADOPTING REPORT AND RECOMMENDATION**

v.

Sharon Henry et al.,

          Defendants.

This matter is before the Court on the November 3, 2017 Order and Report and Recommendation (R&R) of United States Magistrate Judge Katherine M. Menendez. (Dkts. 31, 32.) Plaintiff Victor Donnell Fields appealed the Order and filed timely objections to the R&R. For the reasons addressed below, the Court affirms the Order as modified and adopts the R&R's recommendation to deny without prejudice Fields's motion for preliminary injunctive relief and motion for an order to show cause.

## BACKGROUND[1]

Fields was incarcerated at the Minnesota Correctional Facility-Oak Park Heights (MCF-Oak Park Heights) before being transferred to the Minnesota Correctional Facility-Rush City (MCF-Rush City), where he is currently incarcerated. Fields commenced this

---

[1] In light of the detailed factual and procedural history included in the R&R, the Court briefly summarizes the background of this litigation.

action against more than 20 former or current correctional officials on July 10, 2017. Fields first alleges that, beginning in March 2017, a group of correctional officials impeded his right to access the mail at MCF-Oak Park Heights and retaliated against him for trying to do so, in violation of Fields's constitutional right to free speech. U.S. Const. amend. I. Fields also alleges that, throughout 2015 and 2016, a second group of correctional officials acted with deliberate indifference to his medical needs, in violation of his constitutional right to be free from cruel and unusual punishment. U.S. Const. amend. VIII.

Fields moved for preliminary injunctive relief and an order to show cause why preliminary injunctive relief should not be granted. He also moved for appointment of counsel. The magistrate judge determined that Fields impermissibly alleges two distinct sets of claims against unrelated groups of defendants in a single complaint. Because Fields cannot maintain unrelated First Amendment access-to-mail claims and Eighth Amendment deliberate-indifference claims in the same lawsuit, the magistrate judge concluded, Fields must determine which set of claims to pursue. The magistrate judge granted Fields until December 27, 2017, to file an amended complaint and referred Fields to the *Pro Se* Project[2] for assistance.

The R&R recommends denying without prejudice Fields's motion for preliminary

---

[2] The *Pro Se* Project is a collaboration between the United States District Court for the District of Minnesota and the Minnesota Chapter of the Federal Bar Association. The *Pro Se* Project seeks to provide unrepresented litigants in civil cases with opportunities to consult with volunteer lawyers. *Pro Se Project of the United States District Court, District of Minnesota, and the Federal Bar Association, Minnesota Chapter*, http://www.fedbar.org/Image-Library/Chapters/Minnesota-Chapter/Pro-Se-Project-Description-2016.aspx.

injunctive relief and motion for an order to show cause because, as no complaint is properly before the Court, Fields cannot establish a connection between the requested relief and the claims alleged in the complaint. Until Fields files an amended complaint, the magistrate judge concludes, any nexus between the claims and the requested relief cannot be determined. Fields appeals the Order and objects to the R&R.

## ANALYSIS

### I. Fields's Appeal of the Order

When reviewing an appeal of a magistrate judge's ruling on a nondispositive issue, the district court's standard of review is "extremely deferential," *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008), and a ruling will be modified or set aside only if it is clearly erroneous or contrary to law, 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 72.2(a)(3); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). A ruling is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted). When a court "fails to apply or misapplies relevant statutes, case law or rules of procedure," its decision is contrary to law. *Id.* (internal quotation marks omitted).

The magistrate judge determined that Fields improperly joined unrelated defendants in a single lawsuit. *See* Fed. R. Civ. P. 20(a)(2). Consequently, the magistrate judge ordered Fields to file an amended complaint. Fields appeals this aspect of the Order.

A plaintiff may join multiple defendants in a single action when two requirements are met: (1) a right to relief against each defendant arises out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there is a question of law or fact common to all defendants. Fed. R. Civ. P. 20(a)(2); *accord Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). Under Rule 20(a)(2), "[a]n allegation of joint action is required." *Movie Sys., Inc. v. Abel*, 99 F.R.D. 129, 130 (D. Minn. 1983); *see also Scott v. Watson*, 614 Fed. App'x 863, 864 (8th Cir. 2015) (per curiam) (concluding that joinder was proper because plaintiff "alleged a relationship between all the incidents about which he complained"). Although a plaintiff may assert multiple, unrelated claims against a properly joined defendant, Fed. R. Civ. P. 18(a), the joinder of a defendant must satisfy the requirements of Rule 20(a)(2). *See Headley v. Bacon*, 828 F.2d 1272, 1275 (8th Cir. 1987); *see also* 7 Charles Alan Wright et al., Federal Practice and Procedure § 1655 (3d ed. 2017) (explaining that the joinder of a defendant must satisfy Rule 20(a)(2) before Rule 18 can be invoked to join additional, unrelated claims against that defendant).

Here, the Order determined, Fields has not met either Rule 20(a)(2) requirement. Fields alleges that one group of defendants violated his right to access the mail beginning in March 2017, and a second, unrelated group of defendants was deliberately indifferent to his medical needs in 2015 and 2016. But Fields does not allege, either in his complaint or in his appeal of the Order, a relationship between these transactions or occurrences; nor does he identify any question of law or fact that is common to all defendants. The magistrate judge's conclusion that the claims involve separate factual allegations against

4

separate defendants is neither clearly erroneous nor contrary to law. For this reason, the Court affirms this aspect of the Order.[3]

Fields did not appeal the portion of the Order that "granted" his "motion for appointment of counsel . . . insofar as [the] Court will refer Mr. Fields to the Federal Bar Association for assistance from a volunteer attorney in drafting an amended complaint." But in his subsequent filings, Fields demonstrates his confusion as to this aspect of the Order. Because this Court may review any matter decided by the magistrate judge even without an objection by either party, LR 72.2(a)(3), the Court does so here to clarify this aspect of the Order.

Although there is neither a constitutional nor statutory right to appointed counsel in a civil case, a court may appoint counsel to an indigent prisoner who pleads a nonfrivolous cause of action. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citing 28 U.S.C. § 1915(e)). The Order purported to grant Fields's motion to appoint counsel. In doing so, the Order effectively denied the motion and referred Fields to the *Pro Se* Project to seek a *volunteer* attorney to assist in "drafting an amended complaint." The magistrate judge's November 16, 2017 letter to Fields clarifies that counsel has not been appointed. While endorsing the magistrate judge's referral to the *Pro Se* Project, the Court modifies the Order to the extent it characterizes the referral as granting Fields's motion to appoint counsel. The motion to appoint counsel is denied.

---

[3] While Fields's appeal was pending, the magistrate judge extended to March 5, 2018, Fields's deadline to file an amended complaint. (Dkt. 42.) The Court adopts this extended deadline.

## II. Fields's Objections to the R&R

Fields objects to the recommendation to deny without prejudice the motion for preliminary injunctive relief and the motion to show cause why preliminary injunctive relief should not be granted. In light of Fields's timely objections, the Court reviews these determinations de novo. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

The R&R recommends alternative bases for denying Fields's motions—*either* because there is no complaint properly before the Court *or* because Fields has been transferred from MCF-Oak Park Heights (where the conduct at issue allegedly occurred) to MCF-Rush City, rendering the motions moot. Fields objects and argues that, because the alleged violations continue to occur at MCF-Rush City, his motions should not be denied as moot.

A party seeking a preliminary injunction must establish a relationship between the injury claimed in the motion and the conduct alleged in the complaint. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). As addressed above, Fields has been ordered to file an amended complaint if he wishes to maintain this lawsuit. Until he does so, Fields cannot establish a relationship between the injury claimed in his motion for preliminary injunctive relief and the conduct asserted in the complaint because there is no complaint properly before the Court. For this reason, the Court overrules

Fields's objections and adopts the R&R's recommendation to deny without prejudice both the motion for injunctive relief and the motion for an order to show cause.[4]

## ORDER

Based on the foregoing analysis, the Order and R&R, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The November 3, 2017 Order, (Dkt. 31), is **AFFIRMED AS MODIFIED**:

    a. Plaintiff Victor Donnell Fields's motion to appoint counsel, (Dkt. 8), is **DENIED**;

    b. Any amended complaint must be filed no later than March 5, 2018;

2. Plaintiff's objections to the R&R, (Dkt. 35), are **OVERRULED**;

3. The November 3, 2017 R&R, (Dkt. 32), is **ADOPTED**;

4. Plaintiff's motion for preliminary injunctive relief, (Dkt. 3), is **DENIED WITHOUT PREJUDICE**; and

5. Plaintiff's motion for an order to show cause, (Dkt. 9), is **DENIED WITHOUT PREJUDICE**.

Dated: January 26, 2018                            s/Wilhelmina M. Wright
                                                                    Wilhelmina M. Wright
                                                                    United States District Judge

---

[4] In light of this conclusion, the Court declines to address the R&R's alternative basis for recommending the denial of Fields's motions.