UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| VICTOR DONNELL FIELDS, | Case No. 17-cv-2662-WMW-KMM |
| Plaintiff, | |
| v. | |
| STEPHEN HUOT, Director Behavioral Health Services; NANETTE LARSON, Health Services Director; DIANE MEDCHILL, Program Administrator/Associated Director of Behavioral Health Services; MICHELLE SAARI, WOOC-Psychology Services Director; SHARLENE LOPEZ, Program Director; KRISTIN MUHL, In Patient Unit Director; BRONSON AUSTRENG, Correctional Officer/Case Manager; LON AUGDAHL, Psychiatric Physician; JEFF TITUS, Warden; GREGG SMITH, Associate Warden Operations; JOHN DOES; | **ORDER** |
| Defendants. | |

Victor Donnell Fields, who is an inmate at the Minnesota Correctional Facility in Rush City, MN ("MCF-Rush City"), brings this action against several defendants pursuant to 42 U.S.C. § 1983. In his February 26, 2018 Amended Complaint, Mr. Fields alleges that the defendants have violated his constitutional right to be free from cruel and unusual punishment because they are deliberately indifferent to his serious medical

needs. (Am. Compl., ECF No. 44.) Mr. Fields has recently made several pretrial submissions, which the Court addresses in this Order.

I.  **Motion to Amend**

On October 18, 2018, Mr. Fields submitted a document entitled "Urgent/Emergency Retaliation/Harassment Directly Ordered by Defendant Warden Jeff Titus and Subordinates … Also Motion to Amend Pleadings/New Defendants." (ECF No. 69.) In this document, Mr. Fields includes a lengthy narrative regarding events that have occurred since the filing of this lawsuit, which he argues constitute retaliation for his prosecution of this case. Because this document concerns matters that occurred after the date of the Amended Complaint, the Court construes Mr. Fields's filing as a motion to serve a supplemental pleading.

Requests for permission to file supplemental pleadings are governed by Rule 15(d), which provides:

> On motion and reasonable notice, the court may, on just terms permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). Courts have broad discretion to decide whether a supplemental pleading is allowed. *Minn. Mining & Mfg. Co. v. Superior Insulating Tape Co.*, 284 F.2d 478, 481 (8th Cir. 1960). "[A] party should not be permitted to supplement a pleading where

the supplementation would hinder judicial efficiency, prejudice the rights of other parties to the action, or would insert a frivolous claim." *Schneeweis v. Nw. Tech. Coll.*, No. 97-cv-1742 (JRT/RLE), 1998 WL 420564, at *13 (D. Minn. June 1, 1998) (citing *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997); *Cohen v. Reed*, 868 F. Supp. 489, 497 (E.D.N.Y. 1994)). Rule 15(d) to add post-complaint allegations so that the entire dispute between the parties can be fully adjudicated , taking into account events that "may have evolved since the action was initiated." *Id.* (citing *William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.*, 668 F.2d 1014, 1057 (9th Cir. 1981)).

Defendants Stephen Huot, Nanette Larson, Diane Medchill, Michelle Saari, Sharlene Lopez, Kristin Muhl, Bronson Austreng, Jeff Titus, and Greg Smith (the "DOC Defendants" assert that Mr. Fields's request is procedurally improper. (Defs.' Resp., ECF No. 70.) They argue that Mr. Fields has failed to comply with Local Rule 15.1 because he has not "provided a proposed amended pleading or even any insight as to what his proposed amended pleading might include." (*Id.* at 1.)

The Court disagrees with the DOC Defendants' contention that Mr. Fields failed to give any indication of what his proposed supplemental pleading might include. Though it is somewhat difficult to discern the exact contours of the supplemental claims Mr. Fields seeks to add, some allegations can clearly be identified. He alleges that MCF-Rush City officials submitted false disciplinary reports regarding his conduct, resulting in his placement in administrative segregation on September 24, 2018. (ECF

No. 69 at 1.) He asserts that this discipline was in retaliation for filing this case, and possibly also based on racial discrimination. (*Id.*; *see also id.* at 9 ("I believe DOC officials, staff, officers consider segregation/quiet status as sex offender treatment programming/OASIS for me because I'm 'black,' knowing segregation is not a therapeutic environment….").) An attachment to his handwritten filing indicates that, on September 24th, Mr. Fields was charged with multiple violations of prison rules relating to his submission of sexually explicit kites provided to multiple female staff, but Mr. Fields contends that he did not write the explicit materials. (*Id.* at 11.) He further alleges that he was coerced into signing a waiver in which he admitted to the violations by a prison official identified as "Sergeant Kunze." (*Id.* at 1, 12–13, 20.) At the same time that he received the disciplinary charges, MCF-Rush City staff confiscated his "legal/personal logs" on grounds that Mr. Fields was logging "DOC daily operation[s]." (*Id.* at 2, 8, 11 18–19.) Mr. Fields also provides some clarification in his reply memorandum that these are the claims he is attempting to pursue. (Pl.'s Reply, ECF No. 72.)

Although the Court finds that Mr. Fields has given some indication of the supplemental claims he wishes to pursue in this case, the Court agrees with the DOC Defendants that his request should not be granted because he did not provide a proposed supplemental pleading. Mr. Fields is not excused from following procedural rules because he is *pro se*, but the Court will not deny his request merely because he failed

4

to follow the exact letter of Local Rule 15.1. The problem created by Mr. Fields's failure to provide a proposed supplemental complaint is that it remains unclear precisely which claims he wants to add to this case and who he intends to sue on each of those claims. Though Mr. Fields names several individuals[1] It is also unclear what factual allegations form the basis for any claim that the existing Defendants or any additional defendants engaged in constitutionally impermissible retaliation or discrimination. A

Accordingly, Mr. Fields's motion for leave to file a supplemental pleading **(ECF No. 69)** is **DENIED WITHOUT PREJUDICE**. If Mr. Fields wishes to renew his request to file a supplemental complaint concerning conduct that has occurred since he filed this lawsuit, he must provide the Court with a proposed supplemental pleading that clearly and concisely lays out the facts supporting any additional claims. Mr. Fields's proposed supplemental pleading must contain a caption identifying himself as the plaintiff and naming each defendant against whom he intends to pursue supplemental claims. The proposed supplemental pleading must be titled "Proposed Supplemental Complaint," and it must set forth the factual allegations in separate individually

---

[1] Mr. Fields lists "Sgt. M. Kunze," "Theresa Wohlenger; Emmy Siedling (defendants who wrote false reports); & all other who claim to be witnesses." (ECF No. 69 at 7–8.) He also identifies M. or E. Rasmussen (Program Director/Discipline); Lt. Olson (Discipline Unit Supr.) (Sgt. Kunze told me Lt. Olson and him investigated the reports) and Kunze was my hearing officer who threaten me to sign waiver I didn't want to nor did I commit the violations." (*Id.* at 8.) Aside from Sergeant Kunze, it is unclear what the factual basis is for Mr. Fields's claims against each of these individuals and allegations that certain personnel filed "false reports" must include something more than conclusory statements.

numbered paragraphs. Mr. Fields must file any Proposed Supplemental Complaint **no later than December 14, 2018**. If Mr. Fields fails to comply with all these instructions, the Court will not grant his request. If Mr. Fields submits a Proposed Supplemental Complaint as discussed in this Order, the Court will construe it as a renewed motion to file a supplemental complaint, and **no later than January 11, 2019**, the Defendants shall file a response. The Defendants may simply file an answer if they believe that the Proposed Supplemental Complaint is adequate and appropriate. Alternatively, the Defendants may file a memorandum asserting that the plaintiff's request for supplementation should be denied—*e.g.*, the Defendants may argue that Mr. Fields's Proposed Supplemental Complaint fails to state a claim.[2]

## II. Expert Request

In Mr. Fields's October 18th filing, he includes a request concerning expert witnesses. Mr. Fields asks the Court "to have the following expert witnesses examine me per recommendations 2 provide a report regarding their expert assessment: Dr. Nadia Donchenko – Clinical Psychologist; Dr. Amanda Powers Sawyer; Mary Kenning – PhD Psychologist." (ECF No. 69 at 8.) The Scheduling Order provides that each side may call up to 1 expert witness, and Mr. Fields is required to disclose the identity of any expert witness on or before December 20, 2018. (Scheduling Order at 3,

---

[2] If the Defendants' response argues that the request for leave to supplement be denied for failure to state a claim, Defendants should endeavor to fairly interpret Mr. Fields's factual allegations so that they can be analyzed in the appropriate legal context.

ECF No. 68.) In addition, the Defendants are authorized to take 1 Rule 35 medical examination of Mr. Fields no later than February 20, 2019. (*Id.* at 2.)

It is not clear whether Mr. Fields is simply identifying an expert witness he intends to retain on his behalf, asking the Court to appoint an expert witness for him, or requesting that any Rule 35 medical examination be conducted by these individuals. In their response, the DOC Defendants have not addressed this issue. The Court finds that the DOC Defendants' input on Mr. Fields's request would be helpful. Accordingly, **no later than November 28, 2018**, the DOC Defendants shall file a brief memorandum addressing Mr. Fields's request for an examination by any of the medical professionals identified in his October 18th filing.

### III. Discovery Issues

Mr. Fields has also raised several discovery-related matters in recent filings. The Court addresses these submissions below.

**Statistical Records**

In his October 18th filing, Mr. Fields also asks the Court

> to order defendants to provide the following discovery for me and the courts to review that relevant to a racist practice: (1) request for statistical records of all offenders/patients from 2009 to your current response that were accepted/voluntary or referred (by race) into mental health unit … at MCF-Oak Park Heights; sex offender treatment/programming at MCF-Rush City/Oak Park Heights including but not limited to (those with exhibitionism diagnosis or symptoms, sexual abuse of an adult diagnosis, antisocial personality disorder, major depression disorder and/or psychotic symptoms; and (2) the times these races were admitted when were they expected parole or release date/expiration.

7

(ECF No. 69 at 10.)

Because Mr. Fields asks the Court to order production of documents, the Court construes this request as a motion to compel production of statistical records. The DOC Defendants assert that "to the extent Plaintiff is moving the Court to compel or order some form of discovery, his motion is improper" because he has not certified that he made an effort to obtain discovery without court intervention." (Defs.' Resp. at 2.)

Rule 37 allows a party to move for an order compelling production if "a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

The Court will not issue an order compelling production of the requested records for two reasons. First, there is nothing in the record to indicate that Mr. Fields sought production of these materials pursuant to Rule 34 prior to his October 18th filing. Mr. Fields's reply memorandum indicates that perhaps this was the first time he raised the issue. (*See* Pl.'s Reply at 2 ("At the moment I never actually filed a motion to compel, yet—I only brought up the statistical records because I just became aware of that while reading something.").) Under these circumstances, an order compelling discovery would be premature. Second, even if he has requested these documents, there

has been no showing that Mr. Fields attempted to resolve any discovery dispute prior to making a motion to compel. Such efforts are required before the Court will compel the production of discovery.

**Attempts to Provide Solution to Discovery Disputes**

On October 19, 2018, Mr. Fields filed a document entitled "Plaintiff Fields Attempt to Provide Solution to Resolve Discovery Dispute, In Response to Defendant's 'Lon Augdahl, M.D.'s' 10-11-2018 Response (Non-Compliant)." (ECF No. 71.) This filing is addressed to Dr. Augdahl through his attorney. (*Id.* at 1.) Though Mr. Fields takes issue with several of the responses he apparently received in response to discovery requests he served on Dr. Augdahl, he does not ask the Court for any relief. The Court instead views this as an effort to meet and confer regarding his out-standing discovery requests, and therefore the Court will not issue any ruling with respect to this submission.

On October 31, 2018, Mr. Fields filed a document entitled "Plaintiff Fields Attempt to Provide Solution Over Discovery Dispute in Response to (Defendants Huot, Medchill, Saari, Bronsen, Smith, Titus, Larson, Lopez, Muhl – 10-9-18 response) (Non-Compliant) I Received on 10-27-2018 (Sat)." (ECF No. 73.) This document is addressed to "all defendants" through their attorney Steven Forrest, Assistant Attorney General. (*Id.*) Again, Mr. Fields does not ask the Court for any particular relief in this submission. Instead, he advises the Defendants' counsel that he disagrees with several

9

positions apparently taken in response to a number of discovery requests. There being no request for relief presented to the Court, no ruling concerning any issue raised in this document is appropriate at this time.

**IT IS SO ORDERED**.

Date: November 16, 2018          *s/Katherine Menendez*
                                 Katherine Menendez
                                 United States Magistrate Judge