UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| VICTOR DONNELL FIELDS,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN HUOT, Director Behavioral Health Services; NANETTE LARSON, Health Services Director; DIANE MEDCHILL, Program Administrator/Associated Director of Behavioral Health Services; MICHELLE SAARI, WOOC-Psychology Services Director; SHARLENE LOPEZ, Program Director; KRISTIN MUHL, In Patient Unit Director; BRONSON AUSTRENG, Correctional Officer/Case Manager; LON AUGDAHL, Psychiatric Physician; JEFF TITUS, Warden; GREGG SMITH, Associate Warden Operations; JOHN DOES;<br><br>Defendants. | Case No. 17-cv-2662-WMW-KMM<br><br><br><br><br><br><br><br>ORDER ON PLAINTIFF'S MOTION<br>(ECF No. 76) |

  This matter is before the Court to address a recent motion filed by the Plaintiff, Victor Donnell Fields. Mr. Fields, an inmate at the Minnesota Correctional Facility in Rush City, MN ("MCF-Rush City"), brings this action against several defendants pursuant to 42 U.S.C. § 1983. He alleges that the defendants have violated his constitutional right to be free from cruel and unusual punishment because they are deliberately indifferent to his serious medical needs and have discriminated against him on the basis of his race. (Am. Compl., ECF No. 44.) On November 11, 2018, Mr. Fields filed a "Notice of Motion and Motion"

raising several requests concerning the handling of his medical and mental-health information, among other issues. (Pl.'s Mot., ECF No. 76.) Having reviewed the record, Mr. Fields's motion is **DENIED IN PART** and **DENIED IN PART WITHOUT PREJUDICE**.

First, Mr. Fields asks the Court to set a hearing for December 3, 2018, at 9:00 a.m., "regarding the non releasing of my highly sensitive medical, mental health records, confidential files, and from discussing to public! After I now had the chance to just review those defendants strategically picked out to provide to me I request they be sealed." (Pl.'s Mot., ECF No. 76 at 1.) Mr. Fields's request for a hearing on this motion is denied. The Court can address each of the requests in the motion based on the written submissions alone. His request for an order requiring that certain matters be filed under seal is denied without prejudice. The motion does not ask the Court to rule on any specific document. However, the Court notes that Mr. Fields may have a significant interest in preventing public access to medical and mental health records that may be filed at some point in this case. In their response, the defendants acknowledge the interests at stake and assert that they will take appropriate steps to ensure that if they indeed file any sensitive information concerning Mr. Fields, they will take steps to ensure it is protected. (Defs.' Resp. at 2, ECF No. 78 ("DOC Defendants agree Plaintiff's medical and behavioral health records are confidential and, if submitted as evidence, intend on filing any such documents under seal.").) The Court can address the proper handling of any specific information at another time.

Second, Mr. Fields asserts that "not one defendant as I requested provided to me their discipline history, complaints filed against them...." (*Id.* at 1.) Mr. Fields is requesting an order compelling the defendants to provide records demonstrating their disciplinary history, the Court requires the defendants to file a supplementary response. Mr. Fields clarified in a November 15, 2018 letter that earlier submissions in this case constituted his attempt to meet and confer with defense counsel regarding certain discovery issues. (*See* ECF No. 77.) In an

October 31, 2018 letter to Steven Forrest, Assistant Attorney General and counsel for several of the prison officials who are defendants in this case ("the DOC Defendants"), Mr. Fields asked counsel to provide information, including: "educational backgrounds, job history and experiences, position and job description, disciplinary actions taken against all defendants or complaints, training experience, etc." (ECF No. 73 at 5.) In the DOC Defendants' November 21, 2018 response, they acknowledge that Mr. Fields alleges that they failed to comply with discovery requests, though they argue that his allegations are conclusory. (Defs.' Resp. at 3–4.)

The Court declines to require Mr. Fields to "re-plead" this request as the DOC Defendants suggest. (*See id.* at 4.) Instead, **on or before December 10, 2018**, the DOC Defendants shall file a supplemental response to Mr. Fields's motion addressing: (1) the basis of the DOC-Defendants' objections to Mr. Fields's request for information concerning the DOC-Defendants' disciplinary history and complaints made against them; and (2) a reasoned argument concerning the discoverability (including relevance and proportionality pursuant to Rule 26(b)(1)) of such information given the claims and defenses in this proceeding.

Third, Mr. Fields asserts that the defendants improperly sent copies of his records to an individual named Dan Ganin, an employee of the Minnesota Department of Corrections ("MN-DOC"). (Pl.'s Mot. at 2.) Mr. Fields does not ask for any specific relief concerning this allegedly improper disclosure, and he has not shown that he is entitled to any. In response to the motion, the defendants represent that Mr. Ganin is an in-house counsel with the MN-DOC. (Defs.' Resp. at 2.) There is nothing improper about MN-DOC's own attorneys having access to information related this litigation, including Mr. Fields's medical records.

Fourth, Mr. Fields asks the Court to "Order defendants immediately to release" him from the segregated housing unit and to have the defendant "pay off all [his] restitution ... & court fees." (Pl.'s Mot. at 2.) Mr. Fields complains that the

defendants have produced records containing "false content/narratives by the defendants and their subordinates, officials, staff, etc…." (Pl.'s Mot. at 1.) He asserts that they have used these false disciplinary reports to place him in segregated confinement at MCF-Rush City. (*See id.* at 2 (asserting that the defendant have Mr. Fields "indefinite[ly] segregated with false reports....").) Mr. Fields complains that this has prevented him from obtaining treatment from a female psychologist/therapist, denied him access to his property, and interfered with his ability to pay restitution. (*See id.* ("I don't even have a woman psychologist/therapist or psychiatrist like others, but defendants want to falsify my records and reports but I don't receive no treatment or care?"; "The defendants and their subordinates still have me in segregation retaliation and thrown away all my property, shoes, canteen...."; "Defendants denying me to pay off over $4,000 in restitution by having me indefinite segregated with false reports....").)

The Court finds that any request for injunctive relief is not properly before the Court at this time. Mr. Fields presented very little in the way of argument that would support the request. Indeed, he has failed to address any of the four factors a court must consider, and his motion is unsupported by any evidentiary submissions. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (explaining that courts determining whether to issue a preliminary injunction must consider: (1) the probability that the movant will succeed on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between the harm to the movant and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of the preliminary injunction is in the public interest). Accordingly, the Court will issue no ruling on his passing request for injunctive relief.

**IT IS SO ORDERED.**

Date: November 27, 2018         *s/Katherine Menendez*
                                Katherine Menendez
                                United States Magistrate Judge