UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| VICTOR DONNELL FIELDS, | Case No. 17-cv-2662-WMW-KMM |
|---|---|
| Plaintiff, | |
| v. | |
| STEPHEN HUOT, Director Behavioral Health Services; NANETTE LARSON, Health Services Director; DIANE MEDCHILL, Program Administrator/Associated Director of Behavioral Health Services; MICHELLE SAARI, WOOC-Psychology Services Director; SHARLENE LOPEZ, Program Director; KRISTIN MUHL, In Patient Unit Director; BRONSON AUSTRENG, Correctional Officer/Case Manager; LON AUGDAHL, Psychiatric Physician; JEFF TITUS, Warden; GREGG SMITH, Associate Warden Operations; JOHN DOES; | ORDER ON PLAINTIFF'S MOTIONS (ECF Nos. 69, 73, and 101) |
| Defendants. | |

---

Victor Donnell Fields is an inmate at the Minnesota Correctional Facility in Rush City, MN ("MCF-Rush City"). Mr. Fields brings this action pursuant to 42 U.S.C. § 1983, alleging that the defendants have violated his constitutional right to be free from cruel and unusual punishment by deliberately disregarding his serious medical needs. (Am. Compl., ECF No. 44.) This matter is before the Court on three pretrial motions. First, Mr. Fields filed a document on December 28, 2018 captioned "'Proposed Supplemental Complaint' I wanted to be able to file per your order dated: 11-16-2018, but I threaten by defendants/banned from the law library for 90 days," (ECF No. 101), which relates to an issue addressed by a prior

Order of the Court. Second, the parties' dispute regarding Mr. Fields's request for the Defendants to produce certain personnel records is ripe for a decision. (*See* Order (Nov. 27, 2018), ECF No. 79; Defs.' Mem., ECF No. 84.) And third, the Court addresses Mr. Fields's request regarding specific expert witnesses. (ECF No. 69 at 8.)

I. "Proposed Supplemental Complaint"

On November 16, 2018, the Court entered an Order construing a submission from Mr. Fields as a motion seeking leave to file a supplemental pleading. Mr. Fields alleged that the DOC Defendants[1] and other Minnesota Department of Corrections employees were retaliating against him for filing this lawsuit and discriminating against him based on his race. (*See* Order (Nov. 16, 2018), ECF No. 75.) The Court declined to grant leave to file a supplemental complaint at that time because Mr. Fields had not submitted a proposed supplemental pleading, failed to clarify which claims he wanted to add to this case, did not clearly indicate who he intends to sue on each of those claims, and left ambiguities as to which factual allegations formed the basis for his claims against specific defendants. (*Id.*) Accordingly, the Court ordered Mr. Fields to file a Proposed Supplemental Complaint that clearly and concisely laid out the facts supporting any additional claims based on events that transpired since he filed this lawsuit. (*Id.*) The Court included the following additional requirements:

> Mr. Fields's proposed supplemental pleading must contain a caption identifying himself as the plaintiff and naming each defendant against whom he intends to pursue supplemental claims. The proposed supplemental pleading must be titled "Proposed Supplemental Complaint," and it must set forth the factual allegations in separate individually numbered paragraphs. Mr. Fields must file any Proposed Supplemental Complaint **no later than December 14, 2018**. If Mr. Fields fails to comply with all these instructions, the Court will not grant his request.

---

[1] The "DOC Defendants" include: Bronson Austreng, Stephen Huot, Nanette Larson, Sharlene Lopez, Diane Medchill, Kristin Muhl, Michelle Saari, Gregg Smith, and Jeff Titus.

(*Id.*)

On December 28, 2018, Mr. Fields submitted a document entitled: "'Proposed Supplemental Complaint' I wanted to be able to file per your order dated: 11-16-2018, but I threaten by defendants/banned from the law library for 90 days...." (ECF No. 101.) This document includes a 12-page letter in which Mr. Fields complains that he has been prohibited from using the law library at the prison where he is confined for a period of 90 days based on accusations that he has been disrespecting and threatening library staff through the kite system. He asserts that this prohibition was "made ... up to block and hinder with my ability to timely respond to your order and to deny me legal research access/typing." (*Id.* at 2.) Mr. Fields also included a lengthy narrative regarding several other ways in which he believes that prison staff are retaliating against him and he references several prison grievances. (*Id.* at 2–12.)

The DOC Defendants and Dr. Lon Augdahl have both responded to Mr. Fields's December 28, 2018 "proposed supplemental complaint." (ECF Nos. 106, 107.) They argue that the documents Mr. Fields submitted do not qualify as a proposed supplemental pleading and stated that they do not intend to respond without further direction of the Court. (*Id.*)

The Court is well aware that in prisoner litigation, pro se plaintiffs occasionally have difficulties meeting deadlines because of delays in receiving mail. However, beyond his bare allegations that the DOC Defendants intentionally delayed his mail, Mr. Fields has not shown that any delay in receiving this Court's November 16, 2018 Order was the result of retaliation. More importantly, even aside from the missed deadline, the Court agrees that Mr. Fields's submission is not a Proposed Supplemental Complaint. Indeed, he has not complied with any part of the Court's instructions set forth in the November 16, 2018 Order. For these reasons, the Court declines to grant Mr. Fields leave to file a supplemental complaint. Mr. Fields's motion **(ECF No. 101)** is **DENIED**. The Court also denies Mr. Fields's request that the Defendants be required to return his "legal logs" to him. (ECF No. 101 at 9.) He has not shown that such an order is necessary for him

3

to prosecute his case or to comply with the Court's November 16, 2018 instructions on the submission of any proposed supplemental pleading.

II.     Discovery of Disciplinary Actions/Personnel Files

Mr. Fields brought a motion to compel the DOC Defendants to produce information concerning their "educational backgrounds, job history and experiences, position and job description, disciplinary actions taken against all defendants or complaints, training experience, etc." (ECF No. 73.) In an Order dated November 27, 2018, the Court required the DOC Defendants to file a supplemental response to Mr. Fields's motion addressing: "(1) the basis of the DOC-Defendants' objections to Mr. Fields's request for information concerning the DOC-Defendants' disciplinary history and complaints made against them; and (2) a reasoned argument concerning the discoverability of such information given the claims and defenses in this proceeding." (Order (Nov. 27, 2018), ECF No. 79.)

On December 10, 2018, consistent with the Court's instructions, the DOC Defendants filed a memorandum in opposition to Mr. Fields's motion to compel. (DOC Defs.' Resp., ECF No. 84.) The DOC Defendants argue that the personnel files and related information concerning DOC employees that Mr. Fields has requested "are not relevant to Plaintiff's claims and would jeopardize the safety and security of the employees subject to the request." (*Id.* at 6.)

For two equally important reasons, the Court finds that production of the requested information is not warranted, and Mr. Fields's motion to compel the DOC Defendants' personnel files and disciplinary history information **(ECF No. 73)** is **DENIED**. There is nothing in the record of this case that demonstrates how the personnel files for DOC staff will help Mr. Fields establish his deliberate-indifference claims. Mr. Fields is unable to explain, and the Court unable to discern, how information in these files will support his particular allegations.² Moreover, the DOC Defendants represent that they have produced to

---

²     This conclusion is based on the specific claims at issue in this case. It is not intended to suggest that personnel records are never relevant in deliberate-indifference litigation.

Mr. Fields his complete DOC behavioral health file, medical file, kites, grievances, and disciplinary records. (DOC Defs.' Resp. at 1, 9–10.) Therefore, he has access to documentation that is relevant to his claims that the Defendants have been deliberately indifferent to his serious medical needs.

Second, even if Mr. Fields had articulated some way the information he requested was relevant to his own claims or any defenses that have been raised, the particular circumstances here make production of such information to Mr. Fields wholly inappropriate. Mr. Fields's conduct within the institution (and during the course of this litigation) raises grave concerns about the uses to which he would put information gleaned from the requested personnel documents. As the DOC Defendants correctly observe, "Plaintiff alleges that he seeks to perform sexual acts in the presence of his DOC-assigned therapist as treatment for his mental health conditions." (DOC Defs.' Resp. at 9.) The DOC Defendants have also shown that Mr. Fields has misused private information concerning DOC staff members on several occasions in the past, including sending threatening messages to DOC personnel. (*See* Lopez Aff. ¶¶ 9–17, ECF No. 86.) For these reasons, the Court will not Order the DOC Defendants to produce the requested information from their personnel files and disciplinary history.

### III. Expert Witness Examination

Mr. Fields previously asked the Court to have certain female expert witnesses examine him. (*See* 11/16/18 Order at 6.) The precise nature of Mr. Fields's request was unclear: he may have been identifying expert witnesses he intended to retain himself; he may have been asking the Court to appoint an expert for him; or he may have been requesting that one of the identified individuals conduct any Rule 35 medical examination. (*Id.* at 7.) The Court ordered the DOC Defendants to respond.

In their November 28, 2018 response, the DOC Defendants argue that Mr. Fields's request should not be granted for several reasons. They argue that the request is not an appropriate Rule 35 request because the Rule does not allow

for the physical examination of oneself. (DOC Defs.' Mem. at 3, ECF No. 80 (citing *Grogan v. Kumar*, 873 F.3d 273, 280–281 (5th Cir. 2017); *Berg v. Prison Health Services*, 376 Fed. App'x 723, 724 (9th Cir. 2010) (unpublished); *Brown v. U.S.*, 74 Fed. App'x 611, 614 (7th Cir. 2003) (unpublished) ("Rule 35 of the FRCP does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself. Rather, under appropriate circumstances, it would allow the court to order a party to submit to a physical examination at the request of an opposing party.").) The Court agrees that Mr. Fields's request is not an appropriate request for a medical examination or for appointment of an expert under Fed. R. Civ. P. 35.

Next, given Mr. Fields's allegations that his treatment should include the ability to engage in sexual behavior in the presence of a female therapist, the DOC Defendants assert that a plain reading of his request for the expert witnesses he identified to examine him is so that he can do just that. (DOC Defs.' Mem. at 2–3, ECF No. 80.) The Court agrees that this is the most logical reading of Mr. Fields's request and that his desire to engage in such behavior does not create a valid reason to order a specific therapist to perform a Rule 35 examination. For these same reasons, the Court also agrees with the DOC Defendants that Mr. Fields's case does not involve any circumstances that would justify appointment of an expert witness pursuant to Federal Rule of Evidence 706. *See U.S. Marshals Service v. Means*, 741 F.2d 1053, 1059 (8th Cir. 1984) (indicating that the court's discretionary power under Rule 706 should be "exercised only under compelling circumstances").

Mr. Fields's request to have one of the identified experts examine him **(ECF No. 69 at 8)** is **DENED**.

## IV. Conclusion

Finally, the Court notes that Mr. Fields filings have become increasingly inappropriate. They contain unnecessary sexual discussions of people involved in the litigation, including the Court. (*See, e.g.,* ECF No. 69 at 5–6; ECF No. 101 at

9.) Mr. Fields is Ordered to cease immediately from submitting such gratuitous and prurient material to the Court and to opposing counsel. Future pleadings of a similar nature will be stricken from the record.

    **IT IS SO ORDERED.**

Date: January 16, 2019                              *s/Katherine Menendez*
                                                            Katherine Menendez
                                                            United States Magistrate Judge