UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Victor Donnell Fields, | Case No. 17-cv-2662 (WMW/KMM) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Sharon Henry et al., | |
| Defendants. | |

This matter is before the Court on the July 23, 2019 Report and Recommendation (R&R) of United States Magistrate Judge Katherine M. Menendez. (Dkt. 181.) The R&R recommends granting the March 20, 2019 motion for summary judgment filed by Defendants Stephen Hout, Nanette Larson, Diane Medchill, Michelle Saari, Sharlene Lopez, Kristin Muhl, Bronson Austreng, Jeff Titus, and Gregg Smith (DOC Defendants, collectively), granting the May 3, 2019 motion for summary judgment filed by Defendant Lon Augdahl, and dismissing the case with prejudice.

On July 10, 2017, Plaintiff Victor Donnell Fields initiated an action against Defendants pursuant to 42 U.S.C. § 1983, alleging that they violated his constitutional rights. Specifically, Fields alleges that the DOC Defendants and Dr. Augdahl (1) were deliberately indifferent to his medical needs, in violation of the Eighth Amendment to the United States Constitution, and (2) subjected him to unequal treatment on the basis of his race, in violation of the Fourteenth Amendment.

Fields filed objections to the R&R,[1] and both the DOC Defendants and Dr. Augdahl filed timely responses. For the reasons below, the Court overrules Fields's objections, adopts the July 23, 2019 R&R, grants the defendants' motions for summary judgment, and dismisses the action with prejudice.

Under Rule 72(b)(2) of the Federal Rules of Civil Procedure, "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge. *Accord* LR 72.2(b)(1). Those portions of an R&R to which an objection is made are reviewed de novo. 28 U.S.C. § 636(b)(1). In doing so, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). This Court reviews for clear error those portions of an R&R to which there are no objections. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). The burden rests with the objecting party to state with specificity the basis of the party's objection. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) ("Generally, the failure to file specific objections to a magistrate's report constitutes a waiver of those objections."). Without more, merely restating arguments and facts that have been presented to the magistrate judge does not constitute a viable objection to an R&R. *See Ernst v. Hinchliff*, 129 F. Supp. 3d 695, 712 (D. Minn. 2015).

Although Fields's objections are construed liberally because he is pro se, *see Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se pleadings are to be construed

---

[1] Although Fields failed to file his objections before the 14-day deadline, *see* Fed. R. Civ. P. 72(b)(2), it is within the Court's discretion to consider documents that are untimely filed, *see Williams v. Thomson Corp.*, 383 F.3d 789, 791 (8th Cir. 2004).

liberally."), Fields has not objected to any specific portion of the R&R. This is so even when his objections are considered under the standard that both the federal and local rules require. *See* Fed. R. Civ. P. 72(b)(2); LR 72.2(b)(1); *see also Burgs*, 745 F.2d at 528 ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law."). Fields largely reasserts arguments that he made to, and were rejected by, the magistrate judge.[2] As such, the Court reviews the R&R for clear error and concludes none exists.[3]

Based on the R&R, the foregoing analysis, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff's objections, (Dkt. 182), are **OVERRULED**;

2. The July 23, 2019 R&R, (Dkt. 181), is **ADOPTED**;

3. Defendants' motions for summary judgment, (Dkts. 115, 161), are **GRANTED**; and

4. This action is **DISMISSED WITH PREJUDICE**.

5. Plaintiff's motion, (Dkt. 191), is **DENIED** as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 14, 2019　　　　　　　　　　　s/Wilhelmina M. Wright
　　　　　　　　　　　　　　　　　　　　　　　Wilhelmina M. Wright
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[2] To the extent Fields raises new arguments that were not presented to the magistrate judge, the Court declines to consider them in the first instance here. *See Britton v. Astrue*, 622 F. Supp. 2d 771, 776 (D. Minn. 2008).

[3] While the R&R was under advisement, Fields filed a motion seeking various forms of relief. Because this motion does not affect the R&R's proposed resolution, the motion is denied as moot.